MOREWOOD (IREGUIST v.). See Case No. 7,061.

MOREY (FLETCHER v.). See Case No. 4,864.

---

## Case No. 9,795.

### MOREY v. NEW YORK LIFE INS. CO.

[2 Woods, 663;[1] 3 Ins. Law J. 493; 1 Am. Law T. Rep. (U. S.) 160; 1 Cent. Law J. 139; 4 Bigelow, Ins. Cas. 158.]

Circuit Court, S. D. Mississippi. Nov. Term, 1873.

INSURANCE—LIFE—NOTICE OF PREMIUM FALLING DUE—PROMISE OF AGENT—TENDER TO AGENT—RECEIPT.

1. A life insurance company is under no obligation to give notice to the assured when the annual premium is about falling due, of that fact, unless it has agreed to do so, even though it had been the practice of the company to give such notice.

2. The promise of the local agent of a life insurance company, that he would give the assured such notice, was only a personal contract of the agent, and not binding on the company, unless the agent was authorized by the company to make such promise.

3. Where the assured has been in the habit of paying the annual premium to the local agent of the company, and such payments have been accepted by the company without objection, although the policy provided for payment at the principal office of the company, a tender to such agent of the annual premium, on the day it falls due, is sufficient to prevent a forfeiture of the policy for nonpayment of the premium.

4. The failure of the insurance company to place the receipt for the premium in the hands of the local agent does not excuse payment or tender of payment on the day the premium falls due.

Action at law [by Sarah L. Morey against the New York Life Insurance Company]. Submitted to the court on the issues of fact, as well as of law.

---

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

John Handy, for plaintiff.
T. J. Wharton, for defendant.

HILL, District Judge. This action at law was brought in the circuit court of Madison county, and removed into this court, to recover the amount of a policy of insurance, issued by the defendant on the first day of April, 1871, for the sum of five thousand dollars, payable to plaintiff upon the death of her late husband, John B. Morey, upon the payment of $197.90, then made, and the same amount to be paid thereafter on the first day of April, of each year during the continuance of said policy, with the usual condition annexed, that if said premium should not be paid on or before the first day of April of each year, the policy should become void, and all payments theretofore made become forfeited to defendant. The plea is that the policy became void under this stipulation by reason of the nonpayment of the premium due on the first day of April, 1873, to which the plaintiff replies: First, that when said John B. Morey made application for said policy, it was to one Morey, a local agent of defendant, doing business for defendant in the city of Canton; that at the time, he stated to said agent that he feared he would forget the time when the premiums would become payable, and fail to make them in proper time, and thereby the policy would become forfeited; that the said agent stated, as an inducement to said John B. to take said policy, that the company was in the habit of giving thirty days previous notice of the time, and that he would give the notice and save the forfeiture; and, secondly, that it was understood that payment would be made to the local agent in Canton; that at the time the premium fell due, the agent at Canton had not been furnished with the printed premium receipts, without which he was not authorized to receive payment; that the failure to give the notice and to furnish the receipt was a waiver of the right to a forfeiture of the policy. A jury being waived, the questions of both law and fact are submitted to the court.

The only facts shown by the proof, and necessary to be stated for the application of the rules of law, are as follows: Morey, the agent of defendant, did make the statements to John B. Morey at the time the application for the policy was made as stated in the pleadings; the advance premium was paid on the delivery of the policy; no notice of the time the premium fell due was given; John B. Morey died the 3d day of April, two days after the premium fell due, without having paid or tendered the same to any one. On the 5th, payment of the premium was tendered to the agent at Canton, and refused, for the reason that John B. Morey had died on the 3d. The premium receipt was not forwarded to the general agents at Vicksburg until the 4th, and not forwarded to the local agent until the next day. The question upon the pleadings and proof is, did the want of notice of the time of payment, and the absence of the receipt in the hands of the local agent, excuse the payment of the premium upon the day it became due, and thereby avoid the forfeiture stipulated in the contract? The policy, and the conditions annexed to it, constituted the contract, and must be held binding on both parties to it, unless its conditions have been waived by some act or omission of the party against whom it is sought to be enforced, or by the authorized agent of such party. The proof fails to show that the agent Morey had any authority to engage that notice should be given; indeed none such is claimed; but it is claimed that, being the agent, it was a fraud in him to make such a promise, as it misled the assured, and induced him to take the policy which he would not otherwise have done; but it is apparent from the proof that he did not make the promise as agent, or pretend to bind the defendant, but only made it as a friend and relative of John B. Morey; it was a mere personal promise, for the fulfillment of which he could only look to him who made it. Morey, the agent for this purpose, was more the agent of the assured than of the insurer; so that, upon the facts, this want of notice cannot avail the plaintiff.

The remaining question is, did the failure to place in the hands of the agent at Canton the premium receipt, on or before the time of payment, waive and excuse payment on that day? The conditions of the policy require payment at defendant's office, in the city of New York, unless a different place is stipulated for in writing between the parties, or to an agent having for delivery a printed receipt, signed by the president of the company or other officer mentioned. The advance payment was made to the local agent in Canton upon the delivery of the policy. The fact that the premium receipt for the second payment was forwarded to the local agent in Canton shows that that was the place where payment was expected to be made, and where it doubtless would have been made but for the death of said Morey. Such evidently being the understanding between the parties, I am satisfied that had the tender of the amount due been made to the local agent at Canton on the day and within the time stipulated, the forfeiture claimed could not have been maintained; but, unfortunately for the plaintiff, this was not done. I cannot accept the position as correct, that nothing can avoid the forfeiture but an agreement of waiver of payment made by the principal officers of the company in New York, or by actual payment or tender of payment there, or to a local or other agent having the premium receipt, signed as provided for. Where, by an express agreement or by the course of business between the parties, it is understood that payment will be made to the local agent, and no notice has been given in

:sufficient time that payment must be made at the office and principal place of business stipulated in the contract, a tender of payment to the local agent, whether received by him or not, will excuse the policy holder and prevent the forfeiture. To hold otherwise would open the door to the grossest frauds upon the part of these foreign insurance companies. It is said, and is in proof, that these receipts are furnished to the local agents through the general agency for the state; and if the agent's accounts at the principal office are not satisfactory, the receipts are withheld. The answer to this is, that it is a thing about which the policy holder is not presumed to know anything; it surely cannot be held that he is responsible, or to be affected by dereliction in duty of the company's agent, over whom he has no sort of control. John B. Morey is not presumed to have known of the absence of the receipt, and its absence could have had no influence upon his unfortunate neglect; and however much it is to be regretted that the widow and orphan will be deprived of the maintenance and support a kind husband and father intended for them, the rules of law must be applied to the facts, which being done, necessarily results in favor of the defendant. If the company, when its coffers have been in part filled with the hard earnings of the policy holders, could withhold the receipt from him who had been depriving himself and family of the comforts if not the necessaries of life for years, to provide, as he supposed, something for his helpless family when he should have been laid in the grave; and when he comes, perhaps on the last moment in which payment can be made, he is for the first time informed that he must pay in New York, or all he has paid will be forfeited—a thing which it is impossible for him to do—would be gross injustice. Judgment for defendant.